**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-MJ-03399-PALERMO**

**UNITED STATES OF AMERICA,**
       **Plaintiff,**

v.

**MIKE YUEN,**
       **Defendant.**
_____/

## ORDER ON GOVERNMENT REQUEST FOR PRETRIAL DETENTION

THIS CAUSE is before the Court following the Court's October 14, 2011 and October 20, 2011 pretrial detention hearings. These hearings were held pursuant to 18 U.S.C. § 3142(f) to determine whether Defendant MIKE YUEN should be detained pending his removal to the United States District Court for the Southern District of Mississippi. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court now finds by a preponderance of the evidence that Defendant is not a risk of flight and that there is a sufficient combination of conditions that will reasonably assure Defendant's continued appearance in this matter if Defendant is released prior to his removal. In accordance with the provisions of 18 U.S.C. § 3142(i)(1), this Court makes the following findings of fact and statement of the reasons for its decision:

**I.     Background**

Defendant was arrested on October 12, 2011. Defendant has been charged by Indictment **[DE # 1]** in the United States District Court for the Southern District of Mississippi with one count of knowingly conspiring to possess with intent to distribute marijuana in violation of 18 U.S.C. § 841(a)(1).

Defendant initially appeared before the undersigned on October 14, 2011. At that time, the Court also held a pretrial detention hearing as the government requested that Defendant be held in pretrial detention pending removal to the United States District Court for the Southern District of Mississippi. The government requested pretrial detention solely on the grounds that Defendant is a risk of flight. The government strenuously argued that Defendant was a risk of flight because he had no ties to the charging district - the Southern District of Mississippi. At the conclusion of the hearing, I determined that Defendant should be held in pretrial detention as a risk of flight.

Upon further reflection, the undersigned determined that a rehearing on the issue of Defendant's risk of flight was appropriate. I held the second pretrial detention hearing on October 20, 2011. In the Order Re-Setting Pretrial Detention Hearing **[DE # 8]**, I specifically advised Counsel to be prepared to address whether Defendant's community ties to the Southern District of Florida are sufficiently strong to support a showing that Defendant is not a risk of flight under 18 U.S.C. § 3142(g). *See United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990).

At the second hearing, the government again argued that Defendant should be held in pretrial detention as a risk of flight. The government has not requested that the Court hold Defendant in pretrial detention on the basis that he is a danger to the community.

In support of its request for pretrial detention, the government argued that there is a presumption that no condition or combination of conditions of pretrial release will reasonably assure Defendant's future appearances in this case because this is a drug case. *See* 18 U.S.C. § 3142(e). The government strenuously maintains that Defendant has not overcome the presumption of detention in this case because he has insufficient community ties to the charging district - the Southern District of Mississippi.

**II.    Analysis**

    A.    The Requirements of 18 U.S.C. § 3142

Section § 3142 governs the release and detention of a defendant pending trial. Generally, a defendant should be released on the least restrictive condition, or combination of conditions, that will assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(c). In this case, we are only concerned with whether the Court can fashion conditions of release that will sufficiently ensure that Defendant makes his court appearances in this case because the government does not assert that Defendant is a danger to the community.

As the government has noted, there is a rebuttable presumption in this case that no condition or combination of conditions will reasonably assure the appearance of Defendant "if there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e). Since Defendant has been charged, by Indictment, with a drug offense that carries a possible maximum term forty (40) years imprisonment, the rebuttable presumption indeed applies. *See* 21 U.S.C. § 841(b)(1)(B)(vi). "Once the statutory presumptions are raised, the defendant carries the burden of production to come forward with evidence to rebut the presumptions. The defendant's obligation to come forward with evidence does not shift to the defendant the government's burden of persuasion," however. *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990). The presumption is but one piece of evidence that militates against release. *See id.*

    B.    Factors to Be Considered When Determining if Defendant is A Flight Risk

I conclude that Defendant has set forth sufficient evidence to show that there are a combination of conditions which will assure his future appearances in this case. Title 18 U.S.C. § 3142(g) sets forth the factors to be considered "in determining whether there are

conditions of release that will reasonably assure the appearance of the person as required."

Section § 3142 provides:

> (g) FACTORS TO BE CONSIDERED. - The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning-
>
> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence and involves a narcotic drug;
>
> (2) The weight of the evidence against the person;
>
> (3) The history and characteristics of the person, including
>
> A. his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceeding; and
>
> B. whether, at the time of the current offense or arrest he was on probation, or parol, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Defendant is not charged with a crime of violence and he is not alleged to be a danger to any person or the community. Defendant presented substantial evidence of his ties to the community, his family ties and his length of residence, however. According to the Pretrial Services Report which is incorporated herein, Defendant was born in Miami, Florida and has lived in Miami all of his life. In fact, Defendant continues to reside in the very house where he grew up.

Defendant is married and he resides with his wife and young son in Miami. Defendant's grandmother, mother and two sisters also live in Miami. Defendant's father lives in Broward County.

Counsel for the government concedes that Defendant's ties to the Southern District of Florida are substantial. Counsel for the government maintains, however, that Defendant's ties to South Florida are irrelevant for purposes of determining whether Defendant is a flight risk because the Court must only consider whether Defendant has sufficient ties to the district where Defendant is charged - the Southern District of Mississippi. Counsel for the government argues that because Defendant has no ties to the charging district, there is insufficient evidence that any conditions of release will reasonably assure the Court of his appearance in proceedings in this case.

C. Defendant's Ties to the Southern District of Florida are Relevant

The crux of the issue before the Court is whether Defendant's extensive ties to the Southern District of Florida are sufficient "community ties" to support a finding that Defendant is not a flight risk. The government maintains that the Court should not consider whether Defendant has "community" ties to the Southern District of Florida because the relevant inquiry is whether Defendant has community ties to the Southern District of *Mississippi* - where he is charged.

Simply put, the issue before the Court is whether the term "community" referred to in 18 U.S.C. § 3142(g) refers to the Southern District of Florida where Defendant resides, or to the Southern District of Mississippi where Defendant is charged. If the "community ties" must be to Mississippi, the charging district, Defendant will be detained because it is undisputed that he has no ties to Mississippi. Counsel for the government cites the case *United States v. Rivera*, 90 F. Supp.2d 1338 (S.D. Fla. 1990) in support of its argument that Defendant must be detained for lack of ties to Mississippi.[1]

---

[1]

Although not cited by counsel for the government, there is an additional case from the Southern District of Florida where a district court held that a defendant must have ties to the community where he was charged. *See United States v. Rodriguez*, 2011 WL

In *Rivera,* the district court reversed the decision of a magistrate judge which released a defendant on bond. *Id.* at 1344. The defendant, a United States citizen, with substantial ties to the Middle District of Florida, was arrested in the Southern District of Florida. *Id.* at 1343. The magistrate judge concluded that the defendant was not a flight risk due to his substantial ties to the Middle District of Florida and set a bond for the defendant. *Id.* The government appealed the magistrate judge's determination that the defendant was entitled to a bond. *Id.* at 1341.

On appeal, the district court concluded that the defendant's ties to a district other than the charging district were insufficient grounds upon which the magistrate judge should have concluded that the defendant was not a flight risk. *Id.* at 1343.[2] The district court wrote: "The relevant community is, of course, the community in which the defendant faces prosecution. In the federal system, courts look to the ties of a defendant to the judicial district in which the criminal charges have been brought. *See United States v. Adipietro*, 773 F.Supp. 1270, 1273 (W.D. Mo. 1991)." As the defendant did not have substantial ties to a community outside of the community where he lived, the district court vacated the magistrate judge's order and held the defendant in pretrial detention. *Id.*

I disagree with the conclusion reached in the *Rivera* case. To hold otherwise would turn the purpose of the Bail Reform Act of 1984 - "to permit release [of a defendant] under the least restrictive condition compatible with assuring the future appearance of the

---

1467221, at * 2 (S.D. Fla. April 18, 2011). The court in *Rodriguez* cited only to the Rivera case and did not address the Ninth Circuit decision in *United States v. Townsend*. I reject the reasoning in the *Rodriguez* case for the same reasons that I reject the reasoning in the *Rivera* case.

[2]

The district court also concluded that the magistrate erred in finding that the defendant was not a danger to the community. *See Rivera*, 90 F.Supp.2d at 1342. The issue of danger to the community is not at issue in the instant case because the government has not sought to detain Defendant on that basis.

defendant", on its head. *United States v. Price*, 773 F.2d 1526, 1528 (11th Cir. 1985).

The United States Court of Appeals for the Eleventh Circuit has not addressed this issue, thus there is no appellate precedent binding this Court. In the absence of any binding precedent, I look to other circuits for guidance. In 1990, the United States Court of Appeals for the Ninth Circuit issued a decision of *United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990) directly addressing this issue.[3]

In *Townsend*, the Ninth Circuit considered whether alien defendants were flight risks for purposes of determining eligibility for pretrial release under 18 U.S.C. § 3142. 897 F.2d at 995. Although the defendants in *Townsend* were aliens, the Ninth Circuit clearly explained that in the case of United States citizens, a court must consider the defendants ties to the entire United States in considering whether they have sufficient "community ties" for purposes of 18 U.S.C. § 3142. *Id.* The *Townsend* court explained:

> Among additional characteristics that must be considered are their ties to 'the community.' What 'community' is meant? If it were only the community in which the indictment was brought, a defendant who has deep roots in Boston, for example, might be denied bail if indicted in New Haven. If the defendant is a United States resident, the community to be considered *must be at least as broad as in the United States.* Accordingly, we hold that 'community' in this section of the statute embraces both the community in which the charges are brought and also a community in the United States to which the defendant has ties. *See, e.g., Truong Dinh Hung v. United States*, 439 U.S. 1326, 99 S.Ct. 16, 58 L.Ed.2d 33 (1978)(Brennan, J., in chambers).

---

[3] Counsel for the government did not address the *Townsend* case at the second pretrial detention hearing. Instead, counsel for the government relied solely on the *Rivera* decision to support her argument that Defendant should remain in pretrial detention pending his removal to the Southern District of Mississippi.

I conclude that the reasoning of the *Townsend*[4] decision is more logical and more consistent with the purpose and goal of the Bail Reform Act which will ensure that a defendant is "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c); *see also Price*, 773 F.2d at 1528.

If this Court were to adopt the reasoning in the *Rivera* decision, it would essentially mean that every defendant who was arrested and charged in a district other than the district where he or she lived (a district where they would not have substantial "community ties") would be a flight risk and subject to pretrial detention. Or as the *Townsend* case stated so plainly, any Defendant from Boston who was charged in New Haven, would be held in pretrial detention for lack of community ties to New Haven. This logic flies in the face of the very purpose of the Bail Reform Act. 18 U.S.C. § 3142(c); *see also Price*, 773 F.2d at 1528.

It is uncontroverted[5] that Defendant is a citizen of the United States and that he has

---

[4] Recently, in *United States v. Robinson*, a district court in the District of the Northern Mariana Islands addressed the identical argument made by the government here. 710 F.Supp.2d 1065, 1088 (D. Mar. I. 2010). The *Robinson* court, quoting the holding of the Ninth Circuit in *Townsend*, held that "the prosecution's argument about 'ties to this community' misapprehends applicable law, which for twenty years has defined 'community ties' under 18 U.S.C. § 3142(g), in the context of a defendant's risk of flight, to 'embrace[ ] both the community in which the charges are brought and also a community in the United States to which the defendant has ties.'" *Id.*; *see also United States v. Giordano*, 370 F.Supp.2d 1256, 1271 (S.D. Fla. 2005) (considering Defendant's substantial ties throughout the United States in determining that Defendant was not a flight risk for purposes of 18 U.S.C. § 3142(g)).

[5] During the October 20, 2011 hearing, counsel for the government conceded that Defendant has substantial ties to the Southern District of Florida. Counsel for the government stated "I agree that he has ties to the Southern District of Florida, 100%."

substantial family ties, community ties and substantial length of residence in the community of South Florida.  Considering the factors enumerated in 18 U.S.C. § 3142(g), I conclude that Defendant has presented sufficient evidence to support a conclusion that there are conditions of release that will reasonably assure Defendant's future appearances in this case.  Accordingly, I conclude that Defendant is not a flight risk and he should not be detained pending removal to the United States District Court for the Southern District of Mississippi.

**III.      Defendant Should Be Released on Bond Pending Removal**

I accordingly determine that Defendant should be released on bond pending removal to the Southern District of Mississippi with the following conditions:

1. Defendant shall post a $200,000.00 personal surety bond.  This bond shall be co-signed by three persons: Defendant's wife, Defendant's mother and Defendant's sister.

2. Defendant shall surrender his passport to Pretrial Services.

3. Defendant shall report to Pretrial Services as directed by Pretrial Services.

4. Defendant shall submit to random drug testing as directed by Pretrial Services.

5. Defendant shall possess no firearms.

6. Defendant may travel to the Southern District of Mississippi by the most direct method possible.

**IV.     Government Requested a Stay of My Ruling Pending the Filing of an Appeal**

At the conclusion of the October 20, 2011 hearing, the government requested that I stay my ruling so that the government might have an opportunity to appeal my decision.  I agreed to temporarily stay my ruling.

If no appeal has been filed by the government on or before 2:00 p.m. Monday, October 24, 2011, the stay of my decision will be automatically lifted and Defendant shall be released on the conditions indicated in Section III of this Order.

**DONE and ORDERED** in chambers at Miami, Florida this 21st day of October, 2011.

_____
**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record (via CM/ECF)
      Assistant United States Attorney Monique Botero (via email)
      Saam Zangeneh (via email)